UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW O. BRUMMELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-01474-SRC |
| | ) |
| JENNIFER CLEMONS-ABDULLAH, | ) |
| | ) |
| Respondent. | ) |

**Memorandum and Order**

Self-represented Petitioner Andrew O. Brummell seeks leave to proceed in forma pauperis on his petition which requests that the Court enjoin and dismiss the state-court prosecution against him. Docs. 1, 5. On review of Brummell's financial affidavit and inmate-account statement, the Court determines that Brummell lacks the ability to pay the filing fee, so the Court grants him in forma pauperis status. *See* 28 U.S.C. § 1915. Further, reviewing Brummell's filings, the Court concludes that the *Younger* doctrine precludes the Court from enjoining the state from prosecuting him. Relatedly, Brummell has not exhausted his available state-court remedies. The Court therefore dismisses Brummell's petition. Doc. 1.

**I.     Background**

**A.     Affidavit and supplement**

Brummell is presently incarcerated at the St. Louis City Justice Center. Doc. 5 at p. 1. On December 13, 2021, Brummell initiated this case by filing a document with the Court entitled "Affidavit Petition to Enjoin, Dismiss, Stop State Prosecution." Doc. 1. This document was handwritten and not on a Court-provided form. In the document, Brummell alleges ineffective assistance of counsel, prosecutorial misconduct, and violations of his constitutional rights by a

Missouri state court. He asserts that he has been "forced to trial without a preliminary hearing," that his right "to have a bond" has been violated, that the prosecutor has "not provided sufficient evidence to obtain an indictment," and that he has suffered prejudice "by being judged on [his] past for new charges." *Id.*

A week later, Brummell filed a supplement entitled "Affidavit Motion to Enjoin and Stop State Prosecution." Doc. 2. Brummell asks the Court to enjoin the state prosecution against him, citing Missouri case number "2122-CR01383." Brummell alleges that the State of Missouri has violated his constitutional rights "as well as [his] human rights." Brummell again asserts that he was denied his right to a preliminary hearing and that his public defender has not acted in his best interest. Brummell also complains about his conditions of confinement. In terms of injuries, Brummell states that he suffers from emotional distress, that the state prosecution has caused him irreparable damage, that he has been kept away from his loved ones, and that his character has been defamed affecting his business and financial opportunities. *Id.*

**B.** **Pending state-court prosecutions**

Based on the case number provided, the state prosecution that Brummell seeks to enjoin is *State v. Brummell*, No. 2122-CR01383-01 (22nd Jud. Cir. 2021). According to a review of Missouri Case.net, Missouri's online case management system,[1] Brummell was charged on October 28, 2021, with first-degree burglary, resisting arrest for a felony, and stealing. When the warrant issued in that case, the state-court judge denied bond. The case was originally scheduled for a preliminary hearing on November 8, 2021, but the hearing was reset to November 16, at the court's request. At the November 16 hearing, counsel for Brummell waived formal reading of

---

[1] The Court takes judicial notice of these public, state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public, state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

2

the indictment and entered a plea of not guilty. Brummell was not present for this hearing, either in person or by video. Despite being represented by counsel, Brummell sent a pro se letter to the court on December 13, 2021, requesting the "grand jury data," "the bill of particulars," and "discovery."

In January 2022, the state-court case was transferred to a different state-court division for consolidation with other pending criminal charges against Brummell for robbery and assault. *See State v. Brummell*, No. 2122-CR01192-01 (22nd Jud. Cir. 2021) (third-degree assault); *State v. Brummell*, No. 2022-CR01619-01 (22nd Jud. Cir. 2020) (second-degree robbery and third-degree assault). When Brummell was charged in these prior cases, he was released on a personal recognizance bond. However, in September 2021, the state court revoked Brummell's bond, finding by clear and convincing evidence that Brummell should not be allowed bond to ensure his appearance in court and to protect the public. *See* Order Modifying Bond, *State v. Brummell*, No. 2122-CR01192-01 (22nd Jud. Cir. 2021). Thus, Brummell was already confined under this no-bond order when he was charged (and denied bond) in the criminal matter he seeks to enjoin in this federal case. All three of Brummell's pending, state cases are currently set for a status conference on April 21, 2022.

### C.  Construction as Petition under 28 U.S.C. § 2241

It is not entirely clear under which federal statute Brummell seeks relief from this Court.[2] Habeas corpus generally serves as a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be

---

[2] Brummell asks the Court to enjoin the state prosecution pursuant to "28 USC § 2284." Doc. 2 at p. 1. However, the Court believes this to be error as this legal citation references three-judge courts hearing injunctions "challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Regardless, section 2284 does not apply in this case.

followed and habeas corpus should not be granted in advance of a trial"). A state court defendant attempting to litigate the lawfulness of his pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (stating that it "is well established that federal district courts can entertain pretrial habeas petitions"); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). Because Brummell is a pretrial detainee arguing that his state-court detention is unconstitutional and seeking to enjoin and dismiss his state court prosecution, the Court construes Brummell's affidavit as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

**II.     Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of Brummell's Petition under Rule 4, the Court concludes that it "plainly appears" Brummell is not entitled to relief. The Court will not intervene in an ongoing state-court prosecution where Brummell has not demonstrated that any great and immediate injury will

4

result otherwise.  In addition, Brummell has adequate state court remedies that he has not exhausted.

        **A.     The Court must abstain from granting Brummell's requested relief**

Brummell asks this Court to enjoin and dismiss the state prosecution against him.  The abstention doctrine set forth in *Younger v. Harris* precludes such relief.  401 U.S. 37 (1971).  *Younger* requires federal courts to abstain from hearing cases when an ongoing state judicial proceeding exists that implicates important state interests and affords an adequate opportunity to raise the federal questions presented.  *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).  The doctrine applies to claims for both injunctive and declaratory relief.  *Samuels v. Mackell*, 401 U.S. 66, 73 (1971).  Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there.  *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

Exceptions to *Younger* exist in special circumstances, such as where a "person about to be prosecuted in a state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages."  401 U.S. at 41, 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)).  Further, the irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough.  *Id.* at 45–46.

In this case, Brummell alleges that the state-court prosecution has caused irreparable damage, including separation from his family and defamation of his character.  He asserts that he has been denied a preliminary hearing, but the state-court record indicates that his attorney waived the hearing on his behalf.  Although Brummell appears to be defending against multiple state-court prosecutions, he only seeks to enjoin one of his cases.  The only threat against Brummell is defending against this single prosecution.  Brummell's claims regarding bond and

5

sufficiency of the evidence can and should be raised in his state case. The Court finds that Brummell will not suffer any great and immediate injury if his state case proceeds, but only an injury "incidental to every criminal proceeding brought lawfully and in good faith." *Id.* at 49 (internal citation omitted). No special circumstances exist to justify the Court's intervening in Brummell's ongoing state-court matter. In short, "the Court is not the Justice League. It cannot swoop in and address wrongs, real or perceived, wherever they appear." *Martin v. Coca Cola Consol., Inc.*, No. 1:20-CV-323-HAB, 2020 WL5548690, at *2 (N.D. Ind. Sept. 16, 2020).

    **B.**    **Brummell has not exhausted his state court remedies.**

Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635–36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)); *see also Dickerson*, 816 F.2d at 225 (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"). Courts do not ordinarily consider state remedies exhausted if an individual may effectively present his claim in state court by any currently available and adequate procedure.

Further, a prisoner can only avoid the exhaustion requirement if he can demonstrate the existence of special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of

comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, Brummell is a pretrial detainee arguing that his detention is unlawful because the state court has denied him bond and a preliminary hearing, that the prosecutor lacks sufficient evidence to indict him, and that his attorney is not acting in his best interests. The state court can resolve these claims either by a trial on the merits, or by Brummell's filing a motion with that court. As such, adequate state-court remedies currently exist for Brummell, and he does not assert any special circumstances excusing his failure to exhaust these remedies.

### III.   Conclusion

Brummell has not shown special circumstances exist to justify the Court's intervention in an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. Similarly, Brummell has not shown special circumstances to justify his failure to exhaust state remedies before bringing his claims to federal court.

As it plainly appears that Brummell is not entitled to relief, the Court dismisses without prejudice Brummell's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* Rule 4 of the Rules Governing § 2254 Cases. The Court grants Brummell's [5] motion for leave to proceed in forma pauperis and waives the filing fee. The Court does not issue a certificate of appealability, and a separate Order of Dismissal accompanies this Memorandum and Order.

So Ordered this 12th day of April 2022.

                                                  STEPHEN R. CLARK
                                                UNITED STATES DISTRICT JUDGE